ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 140310
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-6528
   Facsimile: (213) 894-7177
   E-mail: greg.parham@usdoj.gov

Attorneys for Plaintiff
United States of America

FILED
2012 SEP 17 PM 2:48
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  vs.<br><br>$371,669.00 IN U.S. CURRENCY,<br><br>       Defendant. | No. CV12-7999 PSG (AJWx)<br><br>**VERIFIED<br>COMPLAINT FOR FORFEITURE**<br><br>[21 U.S.C. § 881(a)(6) and 18<br>U.S.C. § 981(a)(1)(C)]<br><br>[D.E.A.] |

1

The United States of America brings this claim against the defendant $371,669.00 in U.S. currency ("defendant currency") and alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C). This court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

2. Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

## PERSONS AND ENTITIES

3. The plaintiff is the United States of America.

4. The defendant in this action is $371,669.00 in U.S. currency.

5. The defendant currency was seized by Fontana Police Department ("FPD") officers on or about April 6, 2012 during the execution of a state search warrant at a residence on Revere Court in Chino, California.[1] The interests of Yuzhen Xiang ("Xiang"), Kevin Li ("Li"), and Danh Ho ("Ho") may be adversely affected by these proceedings.

## EVIDENCE SUPPORTING FORFEITURE

6. In April 2012 the FPD Narcotics Unit received information that there was a residence on Homan Street in Chino, California ("Homan residence") that was possibly being used to cultivate marijuana. FPD was informed that the occupants of the Homan residence were rarely seen, and if they were seen it was

---

[1] All home addresses have been redacted pursuant to Local Rule 5-4.3.2 and 5.2-1.

2

very late at night. The FPD was told that the occupants would show up after dark, pull a van into the garage quickly and then shut the garage door. After 30 minutes to an hour, the garage would open and the van would leave.

7. On or before April 6, 2012, FPD Officer Janusz went to the Homan residence and heard a humming noise coming from the residence. The Homan residence was a two-story residence. Based on his training and experience, Janusz associated the humming noise with equipment commonly used to cultivate marijuana such as fans, blowers and ventilation equipment.

8. When Officer Janusz walked to the front door of the Homan residence he noticed that the front door was covered in cobwebs and appeared to have never or hardly been used. He also noticed there were a lot of dead bugs at the bottom of the windowsill inside the windows of the residence. It also appeared as though all the windows were covered from the interior. Janusz could not see into the residence. At night, Janusz could not see any visible light from any window of the Homan residence. Janusz suspected that the windows may have been completely covered from the interior. Marijuana cultivators will often block the windows to control the light directed at the marijuana plants to maximize the growth process and prevent law enforcement from seeing the bright lights used to cultivate the plants.

9. On the side of the Homan residence, Janusz observed a small open window. Just inside the window there was a piece of equipment that appeared to be sucking air into the house. The screen to the equipment was covered with dead moths and bugs.

There was also a loud humming noise coming from the open window. Marijuana cultivators will often try to increase the air circulation around the plants to maximize the growth process.

10. Janusz contacted Jess Flores from Southern California Edison. Flores told Janusz that he had looked at the electrical bill for the Homan residence and determined that the electrical usage had remained at a constant 26 KWH per day between November 2009 and April 2012. Flores told Janusz that the electrical usage at the Homan residence was unusual because there was usually fluctuation in the bill. Flores went to the Homan residence and pulled the amperage to the home at the street. Flores determined that the two lines running into the Homan residence were registering 165.7 amps and 169 amps. According to Flores, a normal house would use between 7 amps and 11 amps. When Flores checked the meter for the Homan residence, it showed 1 KWH of usage. Flores told Janusz that there was likely a bypass to the electric meter because the meter should have read 42 KWH of usage. Marijuana cultivators will often bypass the electrical meter at the grow location to avoid paying the high cost of electricity that is used in the process of operating an indoor marijuana cultivation site.

11. During his surveillance of the Homan residence, Janusz saw a silver Lexus SUV (with California license plate 6EDT239) at the residence. The registration of the Lexus came back to a residence on Revere Court in Chino ("the Revere residence"), where Janusz also observed the Lexus.

///

///

12. On April 6, 2012, FPD obtained a state search warrant, authorizing the search of the Homan residence and the Revere residence.

13. On April 6, 2012, at approximately 8:00 p.m., FPD officers first served the search warrant at the Homan residence. No one was present at the Homan residence and a large indoor marijuana cultivation operation was discovered. At least seven rooms were set up to cultivate marijuana. Throughout the cultivation rooms and elsewhere, officers observed grow light systems, ballasts, fans and watering equipment commonly used in the cultivation of marijuana. All of the windows to the Homan residence were sealed off with drywall. Officers also determined that there was an electrical meter bypass at the location, which allowed the grow operators to steal electricity for the grow operation. FPD officers seized 828 mature marijuana plants (in the flowering or budding stage) and approximately 160 pounds of dried marijuana from the Homan residence.

14. FPD officers then served a search warrant at the Revere residence. One of the occupants of the Revere residence, Li, answered the door when officers arrived. FPD officers entered the Revere residence and encountered Li's wife, Xiang, and Ho, who was believed to be Li's mother. The occupants of the Revere residence remained at the location while FPD officers conducted a search of the home.

15. A search of the Revere residence was conducted and FPD officers found several brown Home Depot boxes in the garage. The boxes were opened and found to contain multiple clear,

plastic, air tight packages. Inside each of the plastic packages was a green leafy substance believed to be marijuana. A total of approximately 60 lbs. of marijuana was seized at the Revere residence. The garage also contained several fans, a type commonly used to dry marijuana. On the garage counter officers found a vacuum sealing system. It appeared that the marijuana contained in the Home Depot boxes had been sealed utilizing a similar system. Inside the laundry room, officers found a money counter on the countertop, $69,669.00 in U.S. currency (a portion of the defendant currency) in several drawers, rubber bands for the U.S. currency, a digital scale, pay/owe sheets (or informal ledgers utilized to keep track of sales of narcotics) and additional dried marijuana in several boxes on a shelf. In one of the upstairs bedrooms, officers found an opened Pampers diaper box. Officers found several clear air tight plastic packages containing U.S. currency inside the diaper box. The currency in the diaper box was counted and determined to be $302,000.00 in U.S. currency (the balance of the defendant currency).

16. FPD officer Au was called to the Revere residence to assist with the interviews of Li, Xiang and Ho in the Chinese language.

17. Li was interviewed and stated that a friend named "Ken" dropped off all the marijuana at the Homan residence. Li claimed that he did not know "Ken's" last name. Li stated that they are just friends and that they go out to eat dinner from time to time. Li stated that he had nothing to do with the marijuana or the money found at either of the residences. Li

stated on several occasions that he did not own the defendant currency.

18. Xiang was interviewed and stated that she owned all the money and marijuana at both locations. Xiang further admitted that all the money found during the search of the Revere residence is from marijuana sales. Xiang admitted that she sold marijuana to other Asian males, but claimed that she did not know any of their names. Xiang claimed that she never asks for the names of her marijuana customers. She stated that "Ken" is her main contact, but claimed that she did not know how to reach him. Xiang stated that they just meet up. Xiang stated that she had been growing and selling marijuana since she moved to the United States approximately a year earlier. Xiang was advised that the defendant currency was located and seized from various rooms in the residence including Ho's room. Xiang stated that she put the money in Ho's room. Xiang stated that she decided to grow marijuana herself because she needed to earn some money to raise her two-year-old son. Xiang admitted that she grows the marijuana and packages it for sale. Xiang said that she had packaged the marijuana found in the Revere residence the day before. Xiang claimed that she did not have any customers for the packaged marijuana at that time.

19. Ho was interviewed and stated that she did not know anything about the marijuana in the house nor the money. Ho disclaimed any ownership interest in the defendant currency.

20. Xiang was arrested for state charges related to the cultivation and sale of marijuana.

///

1  21. Based on the above, plaintiff alleges that the defendant currency represents or is traceable to proceeds of illegal narcotics trafficking, or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 et seq. The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

WHEREFORE, the United States prays that due process issue to enforce the forfeiture of the defendant currency, due notice be given to all interested parties to appear and show cause why forfeiture should be not be decreed, that this court decree forfeiture of the defendant currency to the United States of America for disposition according to law, and for such other and further relief as this court may deem just and proper, together with the costs and disbursements of this action.

DATED: September 17, 2012

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

*/s/ P. Greg Parham*
P. GREG PARHAM
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
United States of America

## VERIFICATION

I, Ronald E. Vogelsang, hereby declare that:

1.   I am a Task Force Officer with the Drug Enforcement Administration and am the case agent for the forfeiture matter entitled <u>United States v. $371,669.00 in U.S. Currency</u>.

2.   I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement officers.

3.   Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed September 17th, 2012 in Riverside, California.

_[signature]_
Ronald E. Vogelsang

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

**CV12- 7999 PSG (AJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>UNITED STATES OF AMERICA | **DEFENDANTS**<br>$371,669.00 IN U.S. CURRENCY |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>Los Angeles | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):<br>Los Angeles |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>ANDRÉ BIROTTE JR., United States Attorney<br>P. GREG PARHAM, Assistant United States Attorney<br>United States Attorney's Office, California Bar No. 140310<br>U.S. Courthouse, 14th Floor, 312 N. Spring Street, Los Angeles, CA 90012, Telephone: (213) 894-6528, Facsimile: (213) 894-7177 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff ☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
21 U.S.C. Section 881(a)(6) and 18 U.S.C. Section 981(a)(1)(C)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | BANKRUPTCY | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 423 Withdrawal 28 USC 157 | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | CIVIL RIGHTS | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | | SOCIAL SECURITY |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 442 Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 443 Housing/Acco-mmodations | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 895 Freedom of Information Act | ☐ 220 Foreclosure | | ☐ 444 Welfare | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 890 Other Statutory Actions | ☐ 245 Tort Product Liability | | | | FEDERAL TAX SUITS |
| | ☐ 290 All Other Real Property | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: CV12-7999

---
CV-71 (01/03) CIVIL COVER SHEET Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Appear to arise from the same or substantially identical transactions, happenings, or events;
☐ B. Involve the same or substantially the same parties or property;
☐ C. Involve the same patent, trademark or copyright;
☐ D. Call for determination of the same or substantially identical questions of law, or
☐ E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☒ Check here if the U.S. government, its agencies or employees is a named plaintiff.
  Los Angeles

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
  Los Angeles

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
  Los Angeles

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Oleg Parham_   Date: September 17, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |